**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RANDAL N. WIIDEMAN,

           Plaintiff,

vs.

CHERYL BURSON,

           Defendant.

Case No.  2:10-cv-02259-PMP-GWF

**ORDER**

     This matter is before the Court on Defendant's Motion for Extension of Time to File an Answer (#27) and Motion for Stay of the Current Scheduling Order (#29), both filed on July 11, 2011.

     On July 1, 2011, Defendant's motion to dismiss (#18) was denied without prejudice. *See* Order (#23). On July 8, 2011, Defendant filed a motion for reconsideration (#26) of the Court's order on the motion to dismiss. By way of his motion for stay (#29), Defendant requests that the Court stay all deadlines set in the scheduling order pending resolution of the motion to reconsider. By way of his motion to extend (#27), Defendant requests that the Court extend the time period for response to the complaint until ten (10) days after a ruling is entered on the pending motion to reconsider.

     A motion to reconsider is an extraordinary remedy warranted only under special circumstances. The motion to reconsider currently pending in this matter asks the district judge to reconsider an order denying a motion to dismiss. Courts have the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998).

Given the prior order denying the motion to dismiss, as well as the extraordinary nature of motions for reconsideration generally, this Court declines to enter a stay on the deadlines set forth in the scheduling order.

Requests for extension of time are governed by Fed. R. Civ. P. 6(b) and LR 6 and may be granted for good cause shown. Defendant requests an enlargement of time until ten (10) days after a decision on the pending motion for reconsideration to file its answer to the complaint. The only claim at issue in this litigation is Plaintiff's First Amendment claim regarding his right to send and receive mail. The allegations supporting the claim are neither factually nor legally complex. Further, as noted in regard to the request to stay all deadlines in the scheduling order, a motion to reconsider is an extraordinary remedy. The pending motion for reconsideration, standing alone, does not represent good cause to extend the time in the manner requested. The Court, however, does find that this motion was brought in good faith and not for an improper purpose. As such, there is good cause for a limited, and final, extension of time for Defendant to file an answer. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Extension of Time to File an Answer (#27) is **granted in part**. Defendant must file an answer to the complaint on or before July 25, 2011.

**IT IS FURTHER ORDERED** that Defendant's Motion for Stay of the Current Scheduling Order (#29) is **denied**.

DATED this 14th day of July, 2011.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**